Crew, C. J.
The record in this case presents but a single question, which is: did the village of Kenmore by its creation as an incorporated village, thereby and by that act, become a village school district? It being admitted on the record that the tax valuation of the property within said village at the time of its incorporation was largely in excess of one hundred thousand dollars, this question becomes one merely of construction, to be determined by the proper interpretation of the provisions of Section 3888, Revised Statutes, as amended April 2, 1906 (98 O. L., 217), which amended section reads as follows: “Each incorporated village now existing or hereafter created, together with the territory attached to it for school purposes, and excluding the territory within its corporate limits detached for school purposes, and *176 having in the district thus formed a total tax valuation of not less than one hundred thousand dollars shall constitute a village school district, provided that each incorporated village now existing or hereafter created, together with the territory attached to it for school purposes and excluding the territory within its corporate limits detached for school purposes, with a tax valuation of less than one hundred thousand dollars, shall not constitute a village school district; provided at any general election the proposition to dissolve or organize such village school district be submitted by the board of education to the electors of such village and be so determined by a majority vote of such electors.” It is the contention of counsel for defendant in error that the village of Kenmore upon its incorporation did not thereby, by force of the provisions of the above 'statute, become at once, or at all, a village school district, but that in order to create or establish such district, of the territory within the municipality, it is necessary that the proposition to organize such village school district be first submitted to the electors of the village and be favorably determined by a majority vote of such electors. We are of opinion that neither the grammatical construction, nor proper interpretation of the language employed in the above statute, leads to the conclusion for which counsel for defendant in error contend. A consideration of the history and previous legislation upon the subject of the reorganization and maintenance of our common schools, discloses that from 1880 to 1906 it was the policy of the state, so declared to be by express statutory *177 enactment, that every incorporated village within the state, together with the. territory thereto attached for school purposes, should constitute a village school district, without regard to the'tax valuation of the property within the district so formed, and without submitting to a vote of the electors of such village the question of establishing such village district. Hence in the interpretation of the statute here involved, it must be presumed that the legislature did not intend by its enactment, to modify or change the prior law and this settled policy, except in so far as it has therein declared such intention either in express terms or by unmistakable implication. While Section 3888, Revised Statutes, as amended April 2, 1906, is clumsily worded, and in consequence its meaning somewhat involved and obscure, nevertheless, when we consider the provisions of the statute sought to be amended and the character of the amendment actually made, we must conclude that the purpose of the legislature in adopting and passing said amendment was to classify and divide village school districts into two classes, the one to be composed of incorporated villages having within the district formed a total tax valuation of not less than one hundred thousand dollars, the other to be composed of incorporated villages having within the district a tax valuation of less than one hundred thousand dollars, and to provide that villages of the first class above named, either then existing or thereafter created, should each constitute and be a village school district, no voté of the electors of such village being required or permitted on the question of the organization or establishment of *178 said district. It doubtless being within the contemplation of the law making body that an incorporated village with a tax duplicate of not less than one hundred thousand dollars, could well provide for the proper support and maintenance of its schools and should therefore, in every instance constitute and be a village school district, and having made and adopted such classification it intended, we think, to therein and thereby further provide and enact that incorporated villages of the second class with a tax duplicate of less than one hundred thousand dollars should not thereafter become, or if then existing be compelled to remain village school districts, unless so determined by a majority vote of the electors of such village district. If this be not the proper interpretation of this statute then the classification therein made by the legislature is a vain and useless thing, for what could it avail to make a classification based upon the tax valuation of the property within the incorporated village and the territory attached thereto for school purposes, if in all cases and in every instance, without regard to such classification, an election is required to determine whether said district shall constitute or be a village school district, yet such result must necessarily follow if we adopt the construction of this statute claimed for it by counsel for defendant in error. The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law making body which enacted it, and the mere literal construction of a statute ought not to prevail, if apparently opposed to the intention of the legislature enacting it, *179 unless the language employed therein is so plain and unambiguous as to imperatively require it. In Lewis’ Sutherland Statutory Construction, Section 376, the rule is stated as follows: “While the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of the law should not be sacrificed to a literal interpretation of such words. Words or clauses may be enlarged or restricted to effectuate the intention or to harmonize them with other expressed provisions. Where general language construed in a broad sense would lead to absurdity it may be restrained. The particular inquiry is not what is the abstract force of the words or what they may comprehend, but in what sense they were intended to be used as they are found in the act. The sense in which they were intended to be used furnishes the rule of interpretation, and this is to be collected from the context; and a narrower or more extended meaning is to be given according to the intention thus indicated.” It is the claim of counsel for defendant in error in the present case, that the last proviso found in'Section 3888, Revised Statutes, to-wit: “provided at any general election the proposition to dissolve or organize such village school district be submitted by the board of education to the electors of such village and be so determined by a majority vote of such electors” extends and applies to the whole section, and is not to be limited or confined to the paragraph "or clause that immediately precedes it, which provides, “that each incorporated village now existing or hereafter created together with the territory attached *180 to it for school purposes, and excluding the territory within its corporate limits detached for school purposes, with a tax valuation of less than one hundred thousand dollars, shall not constitute a village school district.” To this claim of counsel we cannot assent, but on the contrary are clearly of opinion that the position of this proviso aiid the language therein employed sufficiently denote that it was the purpose, meaning and intent of the legislature that such proviso should apply only to the villages mentioned in the paragraph immediately preceding it, namely, “incorporated villages having a tax valuation of less than one hundred thousand dollars.” As a general rule, unless the contrary intention plainly appears, a proviso is to be construed with reference to the immediately preceding paragraph to which it is attached, and qualifies or limits only the part or paragraph to which it is appended. We think the proviso in question here must be thus construed and limited, apd that the words “such village school district,” found therein, should be construed and held to apply only to village districts having a tax valuation of less than one hundred thousand dollars. This construction recognizes the classification of village districts made by the general assembly and harmonizes and gives effect to each and all of the provisions of the statute without doing violence to any of its terms' such therefore, we think, should be held to be its proper construction.

Judgment reversed.

Summers, Spear and Shauck, JJ., concur.